IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS LAMONT OLLIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1261-S-BN |
| | § | |
| CITY OF DESOTO, ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Marcus Lamont Ollie filed a *pro se* civil rights complaint against the City of DeSoto, its police department, and multiple individuals (including the police chief and a state magistrate) that appears to be based on Ollie's 2019 arrest for assault causing bodily injury/family violence. *See* Dkt. No. 3.

Ollie also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. So the presiding United States district judge referred Ollie's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Ollie leave to proceed IFP through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint for Ollie's failure to allege plausible claims but allow him leave to file an amended complaint.

### Legal Standards

A district court is required to screen a civil action filed IFP and may summarily

dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And, even outside the IFP context, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-

(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by

mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**Analysis**

To start, based on his complaint, Ollie may adhere to a "sovereign citizen" ideology. *See, e.g.*, Dkt. No. 3 at 2 ("MARCUS LAMONT OLLIE, EN LEGIS, appearing via Marcus-Lamont Ollie, Beneficiary/Sui Juris"); *id.* at 6 ("Plaintiff demands that his status be returned to that of a state national and NOT a United States citizen.").

Insofar as Ollie seeks relief based on this ideology or associated teachings, such relief should be denied with prejudice, as "courts routinely dismiss sovereign citizen

claims." *Mason v. Anderson*, Civ. A. No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (citing *Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("These teachings have never worked in a court of law – not a single time."); citations omitted); *see also Lawson v. U.S. Dep't of Justice*, 527 F. Supp. 3d 894, 898 (N.D. Tex. 2021) ("conclud[ing] it is in the interest of justice to dismiss this matter rather than transfer the case to another district, where Plaintiff would likely continue his court filings as a 'sovereign citizen'").

Looking past the complaint's sovereign-citizen frivolity, and considering Dallas County court records, of which the Court may take judicial notice, *see, e.g.*, *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam), the facts alleged appear to be based on Ollie's February 2019 arrest for assault causing bodily injury/family violence, his allegedly striking the complainant with a baseball bat and a club, which resulted in Ollie's indictment for a felony, *see State v. Ollie,* F2020994, that was later reduced to a misdemeanor and then dismissed through a motion by the Dallas County District Attorney, which the Court granted on April 21, 2022, *see State v. Ollie*, M2004131 (Cnty. Crim. Ct. No. 1, Dall. Cnty., Tex.).

From this disposition, the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), does not appear to apply to Ollie's current claims. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck*'s "favorable-termination requirement" "applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." (quoting *Heck*, 512 U.S. at 487)).

Regardless, Ollie has not alleged facts to support the various legal conclusions in the complaint. *See* Dkt. No. 3 at 4-5. Asked to provide facts underlying his claims, Ollie alleges in full:

> As a state national (8 U.S.C. 1101(a)21), the Plaintiff, an American by birth is a "Protected Individual" per the U.S. Department of Justice (8 U.S.C. 12, II, VII section 1324). Plaintiff is NOT the U.S. PERSON, trust, corporation. Plaintiff's Right of Self Defense (Castle Doctrine) was converted into a crime by way of perjuristic statements made by individual members of the DESOTO (TX.) POLICE DEPARTMENT, those same officers initiated a malicious prosecution by way of fraud against the Plaintiff, violating the Due Process Clause. Defendants violated Plaintiff's Right of Privacy when they used an insufficient warrant to enter the Plaintiff's father's private property, through an unlocked window, when no extenuating circumstances existed, in order to take exculpatory evidence (surveillance camera harddrive). Defendants DlD NOT have Probable Cause to issue a warrant nor to take said property. Plaintiff was unjustly arrested twice for this same incident and was incarcerated for four months. The Plaintiff defended the fraudulent claims in court proceedings, against fraudulent claims that were made against his estate for two years based on the actions by the Defendants.

*Id.* at 5 (cleaned up).

First, since Ollie appears to identify some 17 individual defendants considering the proposed summonses attached to his complaint, he cannot allege a plausible claim against an individual defendant based on the above allegations. "[T]his type of group pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8" by "mak[ing] it impossible to ascertain which particular Defendant(s) are supposedly responsible for the act [alleged]." *Gurganus v. Furniss*, No. 3:15-cv-3964-M, 2016 WL 3745684, at *5 (N.D. Tex. July 13, 2016) (further noting that, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct

alleged" (quoting *Iqbal*, 556 U.S. at 678; emphasis by *Gurganus*)); *see also Lowe v. Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017) ("[T]hese claims as alleged each lack sufficient facts to support an inference that [the] defendant is responsible for a particular harm to [the plaintiff] – therefore there is no 'more than the mere possibility of misconduct,' which, of course, is not enough to state a plausible claim." (citations omitted)), *rec. adopted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017).

Next, insofar as Ollie alleges claims against the City of DeSoto's police department, a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

Police departments of Texas municipalities named as defendants are commonly dismissed as non-jural entities. *See, e.g.*, *Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby*, 939 F.2d at 313)).

But, where a plaintiff names a non-jural entity as a defendant, the Court

should allow the plaintiff leave to amend his complaint to cure this deficiency. *See Johnson v. Dall. Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993))).

And, to the extent that Ollie sues the City of DeSoto itself, "[a] person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

At the pleading stage, a plaintiff alleging such a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

So, even should Ollie allege a plausible constitutional violation, to allege liability as against the City, he must also

> identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part

of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

In sum, the Court should dismiss Ollie's complaint. But it should allow him leave to amend to the extent he is able to make factually plausible allegations that do not rely on sovereign citizen theories. *Cf. Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

**Recommendation**

The Court should dismiss the complaint but grant Plaintiff Marcus Lamont Ollie leave to file an amended complaint within a reasonable time.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 30, 2022

                                                  DAVID L. HORAN
                                                  UNITED STATES MAGISTRATE JUDGE